### CLARK v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court, S. D. New York. November 19, 1900.)

REFERENCE—STIPULATION FOR COSTS—MANDATE OF SUPREME COURT.

> Provisions of a mandate from the supreme court, in relation to the costs of a case, do not affect the right of a party to tax costs made on a reference, in accordance with a stipulation entered into between the parties before the hearing.

On Objections to Taxation of Costs.

See 20 Sup. Ct. 924; 25 C. C. A. 120, 92 Fed. 968.

Kellogg, Ross & Smith, for plaintiff.

Peckham, Miller & King, for defendant.

LACOMBE, Circuit Judge. The mandate of the supreme court certainly has not eliminated the stipulation under which the parties began their hearings before the referee. Either party was at liberty to insist upon the case being retained on the calendar and tried without the expense necessary to a trial by referee. Assenting to such a disposition of it, both sides were free to make such arrangement as they saw fit as to how such expense should be provided for. They stipulated "that there shall be charged and taxed in favor of the prevailing party such reasonable referee's fees as the referee may decide to charge"; also that "the stenographer's fees shall be paid, half by each party, and that the successful party shall tax its half as costs." There can be no possible doubt that, had the referee found in favor of the plaintiff the same amount as the supreme court has, he would have been entitled, under this stipulation, to tax the referee's and the half stenographer's fees. As to the other items in the bill, possibly this court will be conforming to what the supreme court wants to have done, if the plaintiff be allowed to tax one-sixth only. It is so ordered.